PALMYRA PECAN GROVES COMPANY *v.* PUTNEY *et al.*

Nos. 7850, 7875.   February 23, 1931.

*Anderson, Rountree, Crenshaw & Hansell,* for plaintiff.

*Bennet & Peacock,* for defendants.

RUSSELL, C. J. Putney & Company sold off to several hundred purchasers tracts or lots of land, planted or to be planted in pecan trees. It was a subdivision of a large plantation, several miles from the corporate limits of the City of Albany, or any other municipality. There was a plat showing several spaces marked as avenues, but no streets. These so-called avenues were each and all of them cul de sacs, failing to make connection with any public highway, at least at one end, being shown to be closed by woods, fields, or the river. The controlling question in the case is, whether these so-called avenues were in any sense public highways. The court, sitting as jury as well as judge, found that they were not streets or public highways within the legal meaning of that term. The particular matter at issue is whether the pecans on the rows of pecan trees planted on each side of said avenues, and about 23-1/2 feet from the line of the lots or groves sold, belong to the owners of such lots or tracts of land, which lots had been leased thereafter by the various owners to the Palmyra Pecan Groves Company. In other words, do the abutting strips containing rows of pecan trees belong to Putney & Co., the original grantors, or do they belong to the respective owners of the lots which adjoin the strips, and which thereby give the ownership of either 5 or 10 more pecan trees to each lot?

It is well settled, of course, that if there was a dedication in the strictness of that term as employed in the laying out and opening of a street, to wit, that the purchase and acceptance of the lot would be implied evidence of acceptance, then from the dedication arising from the sale by plat the acceptance would be completed in the purchaser. Without citing cases as to the law of dedication, it is clear that no dedication would be implied if none was intended by the grantor; and this was clearly apparent. In the present case the location of the subdivisions that were sold, and the fact that each of the so-called avenues were mere cul de sacs which neither any municipality nor the county authorities could be required at any time in the future to work or keep in use as a public thoroughfare, deny the contention that any streets or high-

ways were dedicated. This being true, the general rule that the public is granted a mere easement in a public highway which is laid out and sold by plat, and that title, unless expressly reserved, is thereafter in the purchasers of lots abutting upon the highway, each owning to the middle of the street or highway, does not apply. Many authorities might be cited to support the proposition that cul de sacs do not become subject to permanent servitude, and are not subject to be divided among adjoining-land owners; and that in the case of a cul de sac, when the easement is terminated, the land returns to the original grantor. We are of the opinion that the application of this rule determined the conclusions of the judge, and that he correctly held that in a rural subdivision such as that at bar, under such circumstances as those to which we have referred, to wit, that none of the avenues evidenced an intention that they should ever become part of a continuous highway with outlets and connections with a state or county system of highways, —a different rule would be applicable than that applied by numerous decisions of this State to public streets of incorporated cities. In Brown v. Oregon S. L. Ry. Co., 36 Utah, 257 (102 Pac. 740, 24 L. R. A. (N. S.) 86), where a landowner had divided certain property into lots and conveyed these lots to numerous purchasers, and laid out what was called a street, upon which purchasers who built dwelling-houses fronted on each side, and a railroad company having bought all the houses and lots on one side of the so-called street, which however terminated, not as a street but other property of the grantor, and the railroad company claimed a right to one half of the so-called street after it had converted all of the lots purchased by it into a railroad yard, was refused any interest in the cul de sac; the Supreme Court of Utah deciding that the fee to the land had been returned to the original grantor by reason of the fact that it was of no further use as an easement for the occupants of the dwelling-houses for which it was originally granted. So in this case it is clear, from all the circumstances of the case, that the lots were sold only for the purpose of making the profits which were in prospect in raising pecans, and therefore no dedication of the land in the avenues 91-1/2 feet wide for the purpose of public travel could be implied. The original grantors admit that the right of easement for the purpose of cultivating and gathering the pecans raised upon the lots of owners

who leased the property to Palmyra Pecan Groves Company is free and unobstructed. So we rule that the decision of the trial judge was correct.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Beck, P. J., and Hines, J., who dissent.*